IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIA KUPIEC, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TRUTHFINDER, LLC,<br><br>Defendant. | Case No. 21-cv-03026<br><br>Judge Mary M. Rowland |

**ORDER**

Plaintiff brought this putative class action against Defendant TruthFinder, LLC alleging violations of the Illinois Right of Publicity Act ("IRPA"). Defendant has filed, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), a motion to compel arbitration, or in the alternative, to dismiss Plaintiff's class action complaint. TruthFinder seeks dismissal with prejudice. For the reasons stated herein, Defendant's Motion to Dismiss [19] is denied without prejudice.

I. Background

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Defendant operates TruthFinder.com, a website that purports to sell access to a database containing proprietary "detailed reports" about people to anyone willing to pay for a monthly subscription. (Compl. ¶ 1).[1] To market its services, Defendant encourages consumers to perform a free "people search" on the website. (*Id.* ¶ 2). When consumers do this—by typing the individual's first and last name into the search bar—Defendant displays webpages showing the searched individual's full name alongside certain uniquely identifying information, including age, location, and names of relatives. (*Id.*) Plaintiff alleges that the people appearing in these advertisements never provided Defendant with their consent (written or otherwise) to use their identities for any reason. (*Id.* ¶ 3). Accordingly, Plaintiff's lawsuit

---

[1] On May 23, 2022, Plaintiff Anna La Fronza dismissed without prejudice all claims against TruthFinder. (*See* Dkts. 40, 41). Plaintiff Natalia Kupiec's claims remain pending. Defendant PeopleConnect was dismissed from this action in August 2021. (Dkt. 10).

challenges Defendant's business practice of acquiring identifying information about Illinois residents with the intent of selling access to that information to its customers. (*Id*. ¶ 4). Plaintiff brings her single-count complaint under the IRPA, 765 Ill. Comp. Stat. 1075/1—60.

## II. Standard

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. "[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). State contract law determines whether a binding arbitration agreement exists. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002). "The party seeking to compel arbitration has the burden of establishing an agreement to arbitrate. Once the party seeking to compel has done so, the party resisting arbitration bears the burden of identifying a triable issue of fact on the purported arbitration agreement." *Wilcosky v. Amazon.com, Inc.*, 517 F. Supp. 3d 751, 759 (N.D. Ill. 2021) (internal citations omitted).

## III. Analysis

Defendant asserts several grounds for dismissal: (1) Plaintiff agreed to arbitrate her claim against Defendant; (2) Plaintiff failed to plead that this Court has personal jurisdiction over Defendant; (3) Section 230 of the Communications Decency Act bars Plaintiff's claim; (4) Plaintiff failed to state a claim under the IRPA; and (5) applying IRPA to the alleged conduct would violate the First Amendment and the Commerce Clause of the United States Constitution. The Court finds that discovery is warranted on the issue of arbitration.

### A. Motion to Compel Arbitration

Defendant argues that the TruthFinder Terms of Use ("TOU") requires resolving Plaintiff's claims in arbitration. Further, Defendant contends that "Plaintiffs do not allege that anyone other than their lawyers have ever searched for their names, ever viewed a search result displaying their names, or ever clicked the 'Open Report' button next to their names," and that there is "every indication it was Plaintiffs' counsel who accepted the TOU." (Dkt. 20 at 11–12). Defendant believes that Plaintiff's counsel acted as her agent in visiting the Truthfinder.com website to generate screenshots for the complaint in this case, which required counsel's consent to the TOU.

Plaintiff does not appear to dispute that her counsel used Truthfinder to investigate her claims, thereby agreeing to the TOU. (*See* Dkt. 29 at 10). But Plaintiff argues that she is a non-signatory to the TOU's arbitration agreement, and that her counsel was an independent contractor, not her agent. She contends that Defendant has not provided evidence that Plaintiff asked her counsel to enter into TruthFinder's TOU: "Instead, [Plaintiff's] counsel had considerable autonomy over the manner and methods of investigating [her] potential claims and did not bind their client[] to agreements they may have entered into during the course of that investigation." (Dkt. 29 at 11). In other words, Plaintiff argues that the TOU's arbitration provision does not bind her personally, regardless of her attorney's investigation of her claims. disagrees: "Plaintiffs *accepted* the benefit of counsel's assent by using the screenshots in their Complaint and again in their Response, which ratified the agreement." (Dkt. 30 at 9).

### B. Limited Discovery is Warranted

Defendant asks the Court to grant TruthFinder leave to engage in limited discovery regarding (1) Plaintiff's and her counsel's use of TruthFinder.com; and (2) Plaintiff's knowledge of and acquiescence to her counsel's use of same. Plaintiff does not address Defendant's request for discovery related to the alleged arbitration agreement. In its reply, Defendant again asks for discovery in the event the Court believes that factual issues have been raised regarding the arbitration agreement.

Given the parties' differing views concerning what happened during counsel's investigation of Plaintiff's claims on the TruthFinder website and the relationship between Plaintiff and her counsel, the Court finds there are factual issues that cannot be resolved without limited discovery. *See Deputy v. Lehman Bros.*, 345 F.3d 494, 511 (7th Cir. 2003) (holding that the defendant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of Deputy's signature [on the arbitration agreement]"). Indeed "[d]etermining whether an internet user has agreed to online terms of service is 'a fact-intensive inquiry.'" *Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798, 809 (N.D. Ill. 2021) (quoting *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034–35 (7th Cir. 2016)). And theories about the scope of an attorney's representation and about ratification both "raise issues of fact." *La Fronza v. PeopleConnect, Inc.*, No. 21 C 03027, 2022 WL 1292219, at *2 (N.D. Ill. Apr. 29, 2022).

At least two courts in this district have recently ordered limited discovery under similar circumstances. *See La Fronza*, 2022 WL 1292219, at *3 (denying motion to dismiss without prejudice and authorizing the parties to engage in fact discovery limited to the issue of arbitrability); *Marilyn Azuz v. Accucom Corp., d/b/a Infotracer*, No. 21-cv-01182, slip op. at 3 (N.D. Ill. Feb. 15, 2022) (explaining that "the Court must decide whether the parties agreed to arbitrate, because if they did, this case does not belong here, and this Court cannot do anything else"). This Court will follow suit and authorize limited discovery.

3

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [19] is denied without prejudice. The parties are permitted to engage in fact discovery limited to the issue of arbitrability, including any related issues necessary to resolve the motion to compel arbitration. That discovery should commence promptly and end July 22, 2022. Parties shall file a joint status report on that discovery on July 26, 2022.

E N T E R:

Dated: June 3, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge